**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN HAUBRICH, JR., SB# 228341
  E-Mail: John.Haubrich@lewisbrisbois.com
KATHERINE ERICKSON AKAMINE, SB# 265589
  E-Mail: Kate.Akamine@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants
WEBER MARKING SYSTEMS, INC.
and CRAIG ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RUSSELL MOON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WEBER MARKING SYSTEMS, INC., an Illinois Corporation;<br>CRAIG ANDERSON, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-03379<br><br>**DEFENDANTS WEBER MARKING SYSTEMS, INC. AND CRAIG ANDERSON'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Filed concurrently with Declaration of Craig Anderson; and Declaration of Katherine E. Akamine]<br><br>FAC Filed: February 26, 2020<br>Trial Date: Nonet set |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Weber Marking Systems, Inc. dba Weber Packaging Solutions ("Weber") and Craig Anderson ("Anderson") (collectively referred to herein as "Defendants"), hereby remove this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

4836-5205-9831.1

DEFENDANTS WEBER MARKING SYSTEMS, INC. AND CRAIG ANDERSON'S NOTICE OF REMOVAL OF CIVIL ACTION

1  This Court has original subject matter jurisdiction over Plaintiff Russell
2  Moon's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because complete diversity
3  of citizenship exists between Plaintiff and Defendants, i.e., Plaintiff is a citizen of a
4  different state than Defendants, and the amount in controversy pertaining to
5  Plaintiff's claims exceeds $75,000.00.

7  DATED: April 10, 2020            LEWIS BRISBOIS BISGAARD & SMITH LLP

9                                    By:  */s/ Katherine Erickson Akamine*
10                                        Katherine Erickson Akamine
11                                        Attorneys for Defendants WEBER
                                          MARKING SYSTEMS, INC. and CRAIG
12                                        ANDERSON

## I. INTRODUCTION

This is an employment lawsuit brought by Plaintiff Russell Moon ("Plaintiff") due to alleged violations under the California Fair Employment Housing Act ("FEHA") against his prior employer, Defendant Weber Marking Systems, Inc. dba Weber Packaging Solutions ("Weber").

On December 31, 2019, Plaintiff filed his Complaint, entitled *Russell Moon, an individual v. Weber Marking Systems, Inc., an Illinois Corporation; Craig Anderson, an individual; and DOES 1 through 100, inclusive*, in the Superior Court of California, County of Los Angeles, Case No. 19STCV46952. (*See* Declaration of Katherine E. Akamine ("Akamine Decl."), ¶ 2, Exhibit "A".) The Complaint was served on Weber's agent for service of process, CT Corporation System, on January 21, 2020. (*Id.*, ¶ 3.) Craig Anderson was personally served with the Complaint on February 3, 2020. (*See* Declaration of Craig Anderson ("Anderson Decl."), ¶ 2.) After Defendants' counsel met and conferred with Plaintiff's counsel regarding the pleading deficiencies in the Complaint, Plaintiff agreed to amend the Complaint. (Akamine Decl., ¶ 3.)

On February 26, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (Akamine Decl., ¶ 4, Exhibit "B"). The First Amended Complaint was served on Defendants via electronic service on February 26, 2020. (*Id.*) Defendants' answered the FAC on April 1, 2020. (*Id.*, ¶ 5, Exhibit "C.")

Plaintiff's FAC asserts the following claims against Weber: (1) age discrimination; (2) disability discrimination; (3) harassment; (4) failure to enter into the interactive process; (5) retaliation; (6) failure to prevent discrimination, harassment, and retaliation; and (7) wrongful termination in violation of public policy. (Exhibit "B", at pp. 6-14.) Plaintiff seeks reasonable attorneys' fees, and compensatory, special, consequential, and punitive damages. (Exhibit "B", at pp. 14-17.)

1 | In addition to Exhibits "A" and "B," the state court action contains the additional process, pleadings, and orders: Notice of Case Assignment (Exhibit "D"); Notice of Case Management Conference/ OSC re Failure to File Proof of Service (Exhibit "E"); Proof of Personal Service (Exhibit "F"); Plaintiff's Notice of Posting Jury Fees (Exhibit "G"); and Proof of Service by Substituted Service (Exhibit "H"); and Defendants' Answer to Plaintiff's First Amended Complaint (Exhibit "C").

To Defendants' knowledge, the pleadings attached as Exhibits "A" through "H" constitute all process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. § 1446(a).

This Notice of Removal is timely filed because there are no facts to support the removal based on diversity jurisdiction on face of the Complaint or FAC. Plaintiff's Complaint and FAC inaccurately state that Anderson is a resident of California. (Exhibit "A", ¶ 3, Exhibit "B", ¶ 3.)  As currently pled, removal based on diversity jurisdiction is improper because no defendant can be domiciled in the same state as Plaintiff.  Additionally, no pleading or subsequent paper received by Defendants has identified grounds for removal based on diversity jurisdiction. Thus, Defendants' Notice of Removal is timely.

## II. JURISDICTIONAL BASIS FOR REMOVAL

### A. Diversity of Citizenship

Defendant Weber is, and at the time of filing of this action was, a corporation organized under the laws of Illinois, with its principal place of business in Illinois. (*See* Anderson Decl., ¶¶ 4-6, Exhibit "1".) Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Thus, Defendant Weber is a citizen of Illinois.

Defendant Craig Anderson is an individual and citizen of Illinois. (*See* Anderson Decl., ¶ 7-10.)  The Complaint and FAC inaccurately asserts that

Anderson "is an individual residing in the County of Los Angeles, California." (Exhibit "A", ¶ 3, Exhibit "B", ¶ 3.)  Contrary to Plaintiff's contention, Anderson is a resident of Illinois and domiciled in the state of Illinois.  (Anderson Decl., ¶ 7-10.)

A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. at 857.  A person is "domiciled" in a location when he has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). It is presumed a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)).  A defendant may also provide "summary-judgment-type evidence" to establish the requirements necessary for diversity of citizenship jurisdiction. *See Valdez*, 372 F.3d at 1117; *see also Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").

In determining domiciliary intent, courts have analyzed a number of factors including: current residence, place of employment, driver's license, automobile registration, house/telephone number, bank accounts, tax payments, voting practices, receipt of mail, representation of public documents, location of family, and connections to community. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3rd Cir. 2011); *Noreiga v. Lever Bros. Co.*, 671 F. Supp. 991, 993-94 (S.D.N.Y. 1987); *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D.La. 1984).

Anderson is a domiciled citizen of Illinois; he resides in the state of Illinois and intends to permanently remain in Illinois. (Anderson Decl., ¶ 7.)  As the

1  existence of domicile is determined at the time the lawsuit is filed, as of December
2  31, 2019, Anderson resided in Illinois and has owned property in Illinois since 1994.
3  (*Id.*, ¶ 7-8.) Anderson receives all of his mail at his personal residence in Illinois.
4  (*Id.*) Anderson will vote in 2020 in Illinois, maintains an Illinois driver's license,
5  has an Illinois-based cell phone number, and owns a car which is registered in
6  Illinois. (*Id.*, ¶ 9.) He also works at Weber's corporate office, which is located in
7  the city of Arlington Heights in Illinois. (*Id.*, ¶ 5.) He is a member of various
8  community organizations in Illinois. (*Id.*, ¶ 9.) Additionally, he filed state income
9  tax return in Illinois in 2019 and used an Illinois address to file his federal income
10 taxes of 2019. (*Id.*, ¶ 10.) Anderson also has personal bank accounts in the state of
11 Illinois. (*Id.*) Here, Anderson has the requisite intent and physical presence to
12 support his domicile in Illinois.

13 Plaintiff is a citizen of California. The FAC alleges Plaintiff is an individual
14 and resident of California. (Exhibit "B," ¶ 1.) Throughout his employment with
15 Weber between 1996 and 2018, Plaintiff worked in California. (Anderson Decl., ¶
16 11.) The FAC also alleges Weber employed Plaintiff to work remotely within Los
17 Angeles County, CA. (Exhibit "B," at ¶ 11.) Plaintiff is therefore a citizen of
18 California.

19 For purposes of removal based on diversity of citizenship, the citizenship of
20 defendants sued under fictitious names is disregarded. Thus, the citizenship of
21 alleged Doe defendants is disregarded for purposes of this removal. 28 U.S.C. §
22 1332(a).

23 Defendants are citizens of Illinois. Plaintiff is a citizen of California. Thus,
24 complete diversity exists as is required under 28 U.S.C. § 1332(a).

25 **B.  Amount in Controversy**
26 The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.
27 Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum is met, the Court should consider all recoverable damages, including compensatory damages, punitive damages, and attorneys' fees. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

The amount in controversy may be satisfied based on the allegations in the complaint. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a defendant may use the allegations in the complaint to establish the amount in controversy); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018). A defendant may also provide "summary-judgment-type evidence" to establish the requirements necessary for diversity of citizenship jurisdiction. *See Valdez*, 372 F.3d at 1117; *see also Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").

This is an age discrimination, disability discrimination, wrongful termination, and retaliation action in which Plaintiff is seeking economic damages, general damages (including emotional distress), punitive damages, and attorneys' fees. (*See* Exhibit "B", pp. 14-17.) If Plaintiff were to prevail at trial, he would be entitled to back pay, which is compensation in the amount he would have received but for the adverse employment action, less sums obtained through mitigation through the date of trial. *Parker v. Twentieth Century-Fox Film Corp.,* 3 Cal. 3d 176, 181 (Cal.

1970). Plaintiff would also be entitled to front pay, which provides compensation based on what Plaintiff would have earned from his employment after trial. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 564, 692 (Cal. 1988).

Plaintiff's employment with Weber ended on August 31, 2018. (*See* Exhibit "B," ¶ 14.) At the time of Plaintiff's departure, he was a salaried employee earning $46,515.56 per year. (Anderson Decl., ¶ 11.) It has been almost 18 months since Plaintiff's employment with Weber ended and no trial date has been scheduled. Given this timeframe, the absence of a trial date, and Plaintiff's ending salary, the potential back pay and front pay damages alone for Plaintiff are likely to exceed $75,000 if he were to prevail at trial.

Plaintiff is also seeking emotional distress damages. (*See* Exhibit "B" at Prayer for Relief, pp. 14-16, ¶ 2 for each cause of action.) While Plaintiff does not state a specific dollar amount of damages he seeks for emotional distress, the Court can properly include these damages when determining whether the amount in controversy has been met. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). Emotional distress damages can be substantial. *See, e.g., Raphael Vasquez v. Los Angeles County Metropolitan Transportation Authority*, Case No. BC484335, Los Angeles Superior Court, Nov. 12, 2012 (jury verdict awarding $1,250,000 for emotional distress in single plaintiff wrongful termination and disability discrimination case); *Campbell v. National Passenger Railroad Corp.*, 2009 WL 692094, (N.D. Cal., Mar. 3, 2009) (awarding $120,000 in non-economic damages in single plaintiff wrongful termination/retaliation case). Plaintiff's claim for emotional distress damages further supports the amount in controversy requirement being met.

Plaintiff also seeks punitive damages, which are included in determining the amount in controversy in a civil action. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages here would only further increase the amount

4836-5205-9831.1                                     8
DEFENDANTS WEBER MARKING SYSTEMS, INC. AND CRAIG ANDERSON'S NOTICE OF REMOVAL OF CIVIL ACTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

in controversy above the $75,000 threshold Plaintiff.

Attorneys' fees should also be considered part of the amount in controversy and would further increase this sum well above the $75,000.00 threshold. The Ninth Circuit has affirmed numerous six-figure attorney fee awards in FEHA cases. (*See*, *e.g.*, *Muniz v. UPS*, 738 F.3d 214, 225 (9th Cir. 2013) ($696,162.78 in attorneys' fees); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1473, 1480 (9th Cir. 1995) ($724,380 in attorneys' fees); *Fair Hous. v. Combs*, 285 F.3d 899, 902 (9th Cir. 2002) ($508,606.78 in attorneys' fees). Accordingly, the amount in controversy requirement is satisfied.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

To trigger the 30-day removal period, the facts supporting removal *must be evident on the face of the complaint*. 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas Co.* (9th Cir. 2005) 425 F.3d 689, 694. Notice of removability is determined from the "four corners of the applicable pleadings, not through subjective knowledge or duty to make further inquiry." *Id.*; *Lovern v. General Motors Corp.* (4th Cir. 1997) 121 F.3d 160, 162; *Whitaker v. American Telecasting Inc.* (2nd Cir. 2001) 261 F.3d 196, 206 (relevant test is what the document said, not what the defendant purportedly knew.) The grounds for removal (i.e. federal question or diversity jurisdiction of citizenship) must be "unequivocally clear and certain" to start the 30-day removal period running. *Kuxhausen v. BMW Fin'l Services NA LLC* (9th Cir. 2013) 707 F.3d 1136, 1139. If the initial pleading does not clearly disclose grounds for removal, defendant's subjective knowledge of the facts does not affect the time for removal. *Id.* at 1140.

In this case, there is nothing on the face of the Complaint or FAC to indicate Defendants can remove based on diversity jurisdiction; thus, the 30-day time period has not started to run. The Complaint and FAC both state that Anderson "is an individual residing in the County of Los Angeles, California." (Exhibit "A", ¶ 3;

Exhibit "B", ¶ 3.) As currently pled, removal based on diversity jurisdiction is improper because no defendant can be domiciled in the same state as Plaintiff. Based on the face of the Complaint and FAC, there are no facts to support Defendants' removal based on diversity jurisdiction.

Additionally, Defendants had no duty to investigate to determine the jurisdictional facts to support a removal. *Harris v. Bankers Life & Cas Co.*, *supra*, 425 F.3d at 694. If Section 1446(b) were interpreted to require a defendant to investigate the necessary jurisdictional facts, "defendants would be faced with an unreasonable and unrealistic burden of determine removability within thirty days after receiving the initial pleading." *Id.* Based on this federal case law, Defendants had no obligation to investigate the option of removal within 30 days after service of the Complaint because neither the Complaint nor FAC provided facts to support removal based on diversity jurisdiction.

Where removability is not ascertainable from the original complaint, the 30-day removal period starts to run *only* upon defendant's receipt of an "amended pleading, motion, order, or other paper from which it may first be ascertained that case is . . . removable." 28 U.S.C. § 1446(b)(3) However, the 30-day deadlines of 28 U.S.C. 1446(b)(1), (2)(B), (3) are not triggered where a defendant determines the case is removable by way of its own investigation, as opposed to a pleading or paper received by defendant. *Kuxhausen v. BMW Fin'l Services NA LLC*, supra, 707 F.3d at 1139; see also *Walker v. Trailer Transit, Inc.* (7th Cir. 2013) 727 F.3d 819, 824-826. At the latest, removal based on diversity jurisdiction must be affected within one year after the state court action was filed. 28 U.S.C. § 1446(c)(1)

To date, Defendants have yet to receive any document or "other paper" from Plaintiff where it can be ascertained that the case is removable based on diversity jurisdiction. To Defendants' knowledge, the pleadings attached as Exhibits "A" through "H" constitute all process, pleadings, and orders filed in the state court

1 action. See 28 U.S.C. § 1446(a). The parties have not served or responded to written discovery or taken depositions. To date, there has been no substantive motion practice. Defendants' filed its Answer to the FAC in state court on April 1, 2020 and subsequently filed its Notice of Removal. In sum, Defendants' Notice of Removal is timely filed.

Because both Defendants join in this Notice of Removal, no other party's consent to this removal is required.

The Superior Court of California, County of Los Angeles, is located within the territorial jurisdiction of the United States District Court for the Central District of California. *See* 28 U.S.C. § 84. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

//
//
//

4836-5205-9831.1                                11
DEFENDANTS WEBER MARKING SYSTEMS, INC. AND CRAIG ANDERSON'S NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: April 10, 2020         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Katherine Erickson Akamine*
Katherine Erickson Akamine
Attorneys for Defendants
WEBER MARKING SYSTEMS, INC. and CRAIG ANDERSON